CHARLES W. REYNOLDS, APPELLEE, v. HARRY C. HATHAWAY
ET AL., APPELLANTS.

FILED MARCH 16, 1918.   No. 19654.

1. **Carriers: DELIVERYMEN: LIABILITY.** The plaintiff sent a boy of 18 years with a team and a wagon to take a load of ice to defendant's place of business. After this was done, the defendant, without knowledge of the plaintiff, instructed this driver to deliver certain articles for defendant. *Held*, that the law will not imply authority of the driver to contract for plaintiff that the defendant's articles should be delivered within a specified time.

2. ————: **NEGLIGENCE.** Upon the evidence indicated in the opinion, it is *held* that the verdict of the jury, finding that defendant's damages were not caused by negligence of plaintiff, is not clearly wrong so as to require a reversal.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*D. J. Flaherty,* for appellants.

*George A. Adams* and *Clark Jeary, contra.*

SEDGWICK, J.

In the trial court the defendant admitted the plaintiff's claim as alleged, and in his cross-petition alleged a claim for damages against the plaintiff. The plaintiff was engaged in the general delivery business in Lincoln, and employed teams and men for that purpose. It seems to be conceded that the plaintiff is in this case to be considered as a common carrier, subject to liability as such. It is also conceded that one of the plaintiff's drivers undertook to carry eleven large cans of ice cream from the defendant's place of business to the express office, something over a mile distant, and he was told that the ice cream was to be shipped on a certain train, and that it was necessary that it should be delivered promptly for that reason, and that he failed to deliver it in time, and the defendant was compelled to hire an engine and car to deliver the ice cream at the

point to which it was to be shipped, and that defendant was damaged by reason of the delay in delivering the ice cream to the express office. The defendant alleged that the train upon which the ice cream was to be shipped was scheduled to leave and did leave Lincoln in about one hour after the ice cream was received and loaded by the plaintiff's driver, and that the plaintiff agreed that it should be delivered to the express office in time for this outgoing train. The petition of the defendant, after alleging this contract in detail and with particularity, alleged that the plaintiff did not "fulfil his agreement" to deliver the ice cream in time for the train, but, on the contrary, "plaintiff did so carelessly and negligently misbehave in his said calling as common carrier that he failed to deliver said 55 gallons of ice cream, and every part thereof, at the said office of the Adams Express Company," in time for shipment on the said train. Although there was no specific allegation of the facts in regard to the misbehavior of the plaintiff in the delivery of the ice cream, the trial court treated this as a sufficient allegation of negligence causing injury, and submitted the question of the plaintiff's negligence at large to the jury. Indeed, the evidence in the case is most largely devoted to that question, and that appears to be the principal issue tried, so far as the evidence is concerned. The plaintiff might be held to have undertaken that this driver would use ordinary care and diligence to perform such services if they were entrusted to him, and would therefore be liable for any gross negligence or carelessness in performing those duties. The question of the negligence of this driver was submitted to the jury with appropriate instructions, and, without discussing this voluminous evidence at large, it is sufficient to say that it supports the finding of the jury upon that question.

The trial court appears to have regarded that the evidence entirely failed to prove a contract on the part of plaintiff to deliver the ice cream in time for the train, and did not submit that question to the jury. The

defendant asked for no further instructions on the part of the trial court, and so the question presented is whether there was a special contract on the part of the plaintiff as alleged, and whether the failure to perform such special contract on the part of the plaintiff was the cause of the defendant's damage. The driver of the plaintiff's team was a boy of eighteen years of age, who had been in plaintiff's employ at that time about two months, and apparently had done some delivering of goods for the defendant in the city of Lincoln. On this occasion he was sent by the plaintiff to take a wagon load of ice to the defendant's place of business, and, when the ice was unloaded, was instructed by the defendant to take this ice cream to the express office. There appears to be no evidence that the plaintiff knew that the driver was to take this ice cream to the express office, but it is insisted that the plaintiff would be liable for the implied agreement of the driver to deliver the ice cream in time. One of the defendant's witnesses testified that he informed the driver of the time the train left and of the imperative necessity of delivering the cream in time, and that the driver remarked, "all right." It would appear from the evidence that when this driver was sent by his employer, as upon this occasion, to deliver a load of ice or with other similar specified duties to perform, it was the custom of this young man to accept other specific jobs from various parties, and perhaps upon some occasions from this defendant, receiving his instructions from the parties for whom he performed the services. Under these circumstances, and in this condition of the record, it cannot be found that the driver was authorized by his employer to make a special contract to deliver this ice cream in a specified time, or that he did attempt to make such special contract. At the most, he undertook to do his part as well as he could to deliver the ice cream. The court then committed no error in failing to submit to the jury the question whether there was a

special contract on the part of the plaintiff to deliver this ice cream in time for the outgoing train.

Our attention has not been called to any error in this case that requires a reversal of the judgment, and it is therefore

AFFIRMED.

LETTON, ROSE and CORNISH, JJ., not sitting.